## Anthony Nally, et al. v. J. R. Nally's Executor, et al.

(Decided January 25, 1927.)

### Appeal from Washington Circuit Court.

1. Wills—Evidence Held Insufficient to Make Issue for Jury on Question of Testator's Lack of Mental Capacity.—In will contest, evidence held insufficient to make issue for jury on question of testator's lack of mental capacity, where testator, though unkind to wife and prejudiced against contestant, who was only child, was not shown to lack mental capacity at time of execution of will.

2. Wills—Mental Unsoundness is Significant in Will Contest with Reference to State of Mind of Testator at Time of Executing Will. —Mental unsoundness of testator has legal significance in will contest, when referring to state of mind existing at time of execution of will.

JOSEPH POLIN and W. F. GRIGSBY for appellants.

W. C. McCHORD, C. M. McCHORD and MARSHALL DUNCAN for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

The validity of the will of John R. Nally was at-
tacked by an appeal to the Washington circuit court from
the judgment of the Washington county court probating
it, the ground of contest being lack of mental capacity
upon the part of the testator. A plea in bar of appellant's
right to prosecute the appeal or to contest the validity
of the will was interposed, upon the ground that he was
not the son or an heir at law of testator. Issue was joined
and a trial of that question had, which resulted in the
court overruling the plea in bar. The proceeding there-
upon was tried on the issue raised by the appeal, and
after the propounders of the will had introduced the evi-
dence establishing its due execution and probate, and
after contestants had introduced their evidence offered
as tending to establish lack of mental capacity upon the
part of the testator at the time he executed the will, the
trial court, over appellant's objections, sustained appel-
lee's motion for a peremptory instruction directing the
jury to find the paper in question to be the last will and
testament of J. R. Nally. This appeal is prosecuted from
the judgment entered on the verdict of the jury returned
in conformity with that instruction, and presents the sole
question whether there was sufficient evidence of mental
incapacity upon the part of the testator to take the case
to the jury.

The will in question was executed April 21, 1915, ap-
proximately ten years before testator died. He was 56
or 57 years old at the time of his death. He and Lula
Cecil, then a widow, were married September 29, 1912.
Up to some time early in the year 1912 and for some three
or four years prior thereto she and her four children by
her former husband lived in the home with Mr. Nally,
who had never married, she serving as cook and house-
keeper and her boys assisting with the farm work. They
moved from his home and farm early in the year 1912 to
the farm of Bert Smith, approximately three miles away,
and she kept house for the latter and her boys worked
for him until about July 1, 1912. She and her children
then went to Loretta, Kentucky, where she served as tele-
phone operator at the telephone exchange until Septem-
ber 29th, when she and Mr. Nally were married. On the
18th day of March following, she gave birth to a child,

appellant, Anthony Nally. All of the testimony offered by appellants as tending to establish lack of mental capacity upon the part of testator to make a will consists of testimony tending to establish that for a time before and at all times subsequent to the birth of the child testator was extremely unkind to Mrs. Nally. We do not see that any good purpose could be served by a detailed statement of this evidence. Shortly after the birth of the child she appears to have moved to Louisville, Kentucky, and to have resided there ever since, and before the will in question was executed they were divorced. After reciting the many acts of unkindness and harsh conduct toward her which occurred after it became apparent that a child was to be born and after the birth of the child, Mrs. Nally was asked the following question and responded as follows:

"Q. Mrs. Nally, I will ask you to please state as to whether or not on April 21, 1915, the day this will was written, did Nr. Nally have sufficient mind to know his property and its value, to know the natural objects of his bounty and his duty to them and to make a rational survey of his property and to dispose of it according to a will according to a fixed purpose of his own? A. He had mind enough to make money, but he didn't know how to spend it on his family; he made it and put it away."

After the birth of the child the testator appears to have moved from the dwelling house and to have taken up his abode in a buggy house situated nearby, and they do not appear to have cohabited thereafter. Testator's treatment of his wife after it became apparent that a child would be born all appears to have arisen from his conviction that he was not the father of the child. That testimony and the question and answer above quoted do not tend in the least to establish that testator was of unsound mind, as that expression has legal significance when referring to the state of mind existing at the time of the execution of a will. This court's consideration of the record herein leads to the conclusion reached by the trial court; that is, that the evidence offered as tending to establish lack of mental capacity·was wholly insufficient to take the case to the jury. We, therefore, conclude that the trial court properly peremptorily instructed the jury to find the writing in question to be the last will and testament of J. R. Nally.

The above conclusion makes it unnecessary to determine the question presented by appellee's cross-appeal from the judgment rendered on its plea in bar of appellant's right to prosecute the appeal.

For the reasons indicated the judgment herein is affirmed.